AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
2/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California



FILED
CLERK, U.S. DISTRICT COURT
2/11/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___bm___ DEPUTY

United States of America

v.

EDUARDO LUIS RODRIGUEZ,
  aka "Eduardo Luis Rodriguez-Castro,"
  aka "Eduardo L Rodriguez,"
  aka "Moniker Youngster,"

        Defendant.

Case No.   2:25-MJ-00679-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 19, 2023 in the County of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

Zaira D. Bonilla, Deportation Officer ERO
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   2/11/2025

_[signature]_
Judge's signature

AUSA: Alexander H. Tran (x0758)

City and state: Los Angeles, California       Hon. Jean P. Rosenbluth, U.S. Magistrate Judge
                                                            *Printed name and title*

AUSA: Alexander H. Tran (x0758)

**AFFIDAVIT**

I, Zaira D. Bonilla, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Eduardo Luis RODRIGUEZ, also known as ("aka") "Eduardo Luis Rodriguez-Castro," aka "Eduardo L Rodriguez," aka "Moniker Youngster," ("RODRIGUEZ") charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER ZAIRA D. BONILLA

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS") since September 2015. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field

office. Prior to working for ICE as a DO, I worked as an Immigration Enforcement Agent with ICE since September 2006.

### III. STATEMENT OF PROBABLE CAUSE

4. On September 19, 2023, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that RODRIGUEZ had been arrested and was in the custody of the Simi Valley Police Department ("SMPD"). On or about that same day, ICE lodged a DHS Immigration Detainer I-247(A) with SMPD. The SMPD did not honor the detainer, and RODRIGUEZ was released from custody.

5. Based on my training and experience, I know that when an individual is fingerprinted by ICE (and its predecessor agency, INS), the individual is issued a Fingerprint Identification Number ("FIN"). The FIN is then automatically associated with the individual's A-Number. In this case, RODRIGUEZ's fingerprints were assigned the FIN number 1090283948, which was then linked to A-Number 094-456-001 based on prior fingerprints located in the DHS "A-File" bearing the number A094-456-001.

6. On or about February 6, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with RODRIGUEZ's September 19, 2023 arrest, and saw that the FIN associated with the IAQ notification was FIN 1090283948. I thus confirmed that the individual arrested on September 19, 2023, was RODRIGUEZ, a previously deported alien.

7. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained

for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

    8. On or about February 6, 2025, I obtained and reviewed DHS A-File A094-456-001 which is maintained for the subject alien "Eduardo Luis RODRIGUEZ." The DHS A-File contained the following documents and information:

    a. One executed Warrant of Removal/Deportation (Form I-205) indicating that RODRIGUEZ was officially removed from the United States on or about August 21, 2019. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his signature, photograph and fingerprint.

    b. A certified conviction record showing that defendant was convicted on or about February 13, 2014, of Violating a Restraining Order, in violation of California Penal Code Section 273.6(A), in the Superior Court of California, County of Los Angeles, Case Number 3S06104, for which defendant was sentenced to a total term of 30 days' imprisonment and 36 months' probation.

   c. A certified conviction record showing that defendant was convicted on or about February 13, 2014, of Taking a Vehicle Without Consent, in violation of California Vehicle Code Section 10851(A), in the Superior Court of California, County of Los Angeles, Case Number PA079582, for which defendant was sentenced to a total term of 25 days' imprisonment and 12 months' probation.

   d. A certified conviction record showing that defendant was convicted on or about May 6, 2016, of Possession of a Controlled Substance with a Firearm, in violation of California Health and Safety Code Section 11370.1(A) in the Superior Court of California, County of Los Angeles, Case Number PA084491-01, for which defendant was sentenced to a total term of 5 years' imprisonment.

   e. A certified conviction record showing that defendant was convicted on or about October 19, 2023, of two counts of First-Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of California, County of Los Angeles, Case Number 2023025000, for which defendant was sentenced to a total term of 2 years' imprisonment.

   f. Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of El Salvador.  These documents included an Order of the Immigration Judge, dated July 7, 2014, ordering defendant removed to El Salvador, and the defendant's birth certificate indicating he was born in Santa Ana, El Salvador.

4

9. On or about February 3, 2025, I reviewed the printouts from the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

10. On or about February 3, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrants of Removal/Deportation, found in defendant's DHS A-File. The ICE computer indices further indicated that defendant had not applied for or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

11. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States

5

legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

12. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a) Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  11th  day of
February 2025.

*[signature: Jean Rosenbluth]*

HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE